**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNIVERSAL BEAUTY PRODUCTS, INC.,** | |
| **Plaintiff,** | Case No. 1:16-cv-2642 |
| **v.** | JURY DEMAND REQUESTED |
| **XTREME TOOLS INTERNATIONAL, INC.,** | |
| **Defendant.** | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Universal Beauty Products, Inc. ("UBP"), through counsel, hereby brings this Complaint for Declaratory Judgment against the defendant, Xtreme Tools International, Inc. ("XTI") and alleges as follows:

**NATURE OF THE ACTION**

1. This action for declaratory judgment is brought pursuant to 28 U.S.C. § 2201. Plaintiff, UBP, seeks a declaration by this Court of its legal right to use the generic or descriptive phrase "pure naturals" in connection with health and beauty products. The defendant, XTI, contends UBP's use of "pure naturals" in connection with health and beauty products infringes XTI's alleged trademark rights in and to "pure naturals", Federal Supplemental Registration Number 4,247,703, in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1114(1) and §1125(a). UBP has a reasonable apprehension of being sued by XTI for an alleged violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

2.  Based upon the foregoing, a justiciable controversy exists between the parties with respect to the right of UBP to use "pure naturals".  UBP asks this Court for a declaration that XTI does not and cannot have protectable rights to "pure naturals".  UBP further asks this Court for a declaration that UBP's use of "pure naturals" is fair use pursuant to Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).  Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, UBP asks this Court to order the cancellation of Federal Supplemental Registration Number 4,247,703.

### THE PARTIES

3.  Plaintiff UBP is a corporation organized and existing under the laws of the State of Illinois having its principal place of business at 500 Wall Street, Glendale Heights, Illinois 60139.

4.  Upon information and belief, Defendant XTI is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 15400 N.W. 34th Street, Miami, Florida 33054-2461.

### JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121.

6.  This Court has personal jurisdiction over XTI in this instance pursuant to the Illinois long arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Jurisdiction is proper because, among other things, XTI is a

2

resident of this District purposefully availing itself of the benefits of doing business in the State of Illinois by advertising and promoting goods to the residents of Illinois, including offering its products for sale in several beauty supply stores located in Illinois and advertising on XTI's website, www.okaypurenaturals.com, and because injury to UBP from the threat by XTI will be felt in Illinois where UBP is located.

7. Venue is proper pursuant to 28 U.S.C. § 1391 in that UBP resides in and is doing business in this District, a substantial part of the events giving rise to this action occurred in this District, and XTI is doing business in this District and is subject to jurisdiction in this District.

8. Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in the Eastern Division.

## FACTUAL BACKGROUND

9. UBP has been producing and selling high quality health and personal care products for over a decade.

10. UBP advertises and offers its products via its websites, www.universalbeauty.com and www.salonpro30sec.com and elsewhere.

11. UBP's products incorporate high quality ingredients, including pure, natural ingredients.

12. At least as early as 2015, UBP began using "pure naturals" in interstate commerce in connection with its health and beauty products to describe the characteristics and quality of its products.

3

13. UBP innocently adopted and used "pure naturals" in good faith without knowledge of XTI or its alleged rights.

14. "Pure naturals" is generic and conveys a generic meaning of non-synthetic, organic products that are not mixed with any ingredients that might spoil the quality or effect of the products.

15. "Pure naturals" is descriptive and conveys a descriptive meaning of non-synthetic, organic products that are not mixed with any ingredient that might spoil the quality or effect of the products.

16. On May 18, 2012, XTI filed a federal trademark application for the principal register for "pure naturals" (Registration No. 4,247,703) (the "'703 Registration") in connection with "Cosmetic preparations for skin care; Hair care lotions; Hair conditioners; Hair gel and hair mousse; Hair lotions; Hair nourishers; Hair oils; Hair relaxers; Hair relaxing preparations; Hair shampoos and conditioners; Hair sprays and hair gels; Hair straightening preparations; Hair styling gel; Hair styling preparations; Hair styling spray; Moisturizing preparations for the skin; Moisturizing solutions for the skin; Non-medicated hair treatment preparations for cosmetic purposes; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care creams and lotions; Non-medicated skin care preparations; Non-medicated stimulating lotions for the skin; Oils for hair conditioning; Skin and body topical lotions, creams and oils for cosmetic use; Skin clarifiers; Skin cleansers; Skin conditioners; Skin conditioning creams for cosmetic purposes; Skin lighteners; Skin lotion; Skin moisturizer" in international class 3.

17. On September 18, 2012, the United States Patent and Trademark Office refused registration of XTI's "pure naturals" mark as merely descriptive of the ingredients, quality, and characteristics of the goods.

18. On September 28, 2012, XTI amended its application for "pure naturals" to the Supplemental Register based on the descriptive nature of "pure naturals".

19. On November 20, 2012, "pure naturals", Registration Number 4,247,703, registered on the Supplemental Register. A Supplemental Registration is not entitled to any presumption of validity for the descriptive term.

20. Upon information and belief, XTI is not using "pure naturals" in connection with all the goods listed in the '703 Registration.

21. Upon information and belief, XTI has not used "pure naturals" in connection with all the goods listed in the '703 Registration for at least three consecutive years prior to UBP's use of "pure naturals".

22. Upon information and belief, XTI has no intent to resume use, if any, of "pure naturals" in connection with all the goods listed in the '703 Registration.

**THE CONTROVERSY BETWEEN THE PARTIES**

23. On or about January 15, 2016, XTI sent a demand letter requesting UBP cease all use of "pure naturals" claiming UBP's use of "pure naturals" was infringing XTI's rights. XTI has and continues to threaten to sue UBP for trademark infringement if UBP does not cease using "pure naturals".

24. In addition, XTI's initial overreaching demand letter claimed UBP's use of "pure Jamaican black castor oil" for products that contain Jamaican black castor oil infringed XTI's rights to its OKAY BLACK JAMAICAN CASTOR OIL Logo,

despite having disclaimed all exclusive rights to BLACK JAMAICAN CASTOR OIL in Registration Number 4,379,243.

## COUNT I

**NON-VIOLATION OF 15 U.S.C. § 1114(1) DUE TO XTI'S LACK OF PROTECTABLE TRADEMARK RIGHTS – GENERIC *AB INITIO***

25. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 24 hereof.

26. As its first ground for relief, UBP seeks a declaration of non-violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as to trademark infringement as XTI's "pure naturals" mark is generic, and has been since the time of filing, and is incapable of acting as a source identifier.

27. Upon information and belief, at the time XTI filed its application to register "pure naturals", "pure naturals" was generic for the goods identified in the '703 Registration as the primary significance of "pure naturals" in the minds of the consuming public is the generic meaning.

28. XTI did not establish protectable rights in "pure naturals" at the time of filing the '703 registration.

29. XTI did not and cannot establish protectable rights in "pure naturals" as of a time prior to UBP's first use of "pure naturals".

30. Thus XTI's mark "pure naturals" is unprotectable and has been unprotectable since the time of filing. 15 U.S.C. § 1065(4); *Kellogg Co v. Nat'l Biscuit Co.*, 305 U.S. 111, 116-17, 59 S.Ct. 109, 83 L. Ed. 73 (1938).

31. Accordingly, UBP's use of "pure naturals" does not constitute trademark infringement and does not violate any provision of 15 U.S.C. § 1114.

## COUNT II

## NON-VIOLATION OF 15 U.S.C. § 1114(1) DUE TO XTI'S LACK OF PROTECTABLE TRADEMARK RIGHTS – GENERIC

32. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 31 hereof.

33. As its second ground for relief, UBP seeks a declaration of non-violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as to trademark infringement as XTI's "pure naturals" mark has become generic and was incapable of acting as a source identifier prior to UBP's use of "pure naturals".

34. Upon information and belief, prior to UBP's use of "pure naturals", "pure naturals" became generic for the goods identified in the '703 Registration as the primary significance of "pure naturals" in the minds of the consuming public became the generic meaning.

35. XTI did not and cannot establish protectable rights in "pure naturals" as of a time prior to UBP's first use of "pure naturals".

36. Thus XTI's mark "pure naturals" was unprotectable at the time UBP first used "pure naturals". 15 U.S.C. § 1064(3); *Kellogg Co v. Nat'l Biscuit Co.*, 305 U.S. at 116-17 (1938).

37. Accordingly, UBP's use of "pure naturals" does not constitute trademark infringement and does not violate any provision of 15 U.S.C. § 1114.

## COUNT III

**NON-VIOLATION OF 15 U.S.C. § 1125(a) DUE TO XTI'S LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS – GENERIC**

38. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 37 hereof.

39. As its third ground for relief, UBP seeks a declaration of non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as to trademark infringement as XTI's "pure naturals" mark has become generic and was incapable of acting as a source identifier prior to UBP's use of "pure naturals".

40. Upon information and belief, prior to UBP's use of "pure naturals", "pure naturals" became generic for XTI's goods as the primary significance of "pure naturals" in the minds of the consuming public became the generic meaning.

41. XTI did not and cannot establish protectable rights in "pure naturals" as of a time prior to UBP's first use of "pure naturals".

42. Thus XTI's mark "pure naturals" was unprotectable at the time UBP first used "pure naturals" and is not protectable under 15 U.S.C. § 1125. *Kellogg Co v. Nat'l Biscuit Co.*, 305 U.S. at 116-17 (1938).

43. Accordingly, UBP's use of "pure naturals" does not constitute trademark infringement and does not violate any provision of 15 U.S.C. § 1125.

## COUNT IV

**NON-VIOLATION OF 15 U.S.C. § 1114(1) DUE TO XTI'S LACK OF PROTECTABLE TRADEMARK RIGHTS – DESCRIPTIVE**

44. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 hereof.

8

45. As its fourth ground for relief, UBP seeks a declaration of non-violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as to trademark infringement as XTI's "pure naturals" mark is merely descriptive of the goods identified in the '703 Registration.

46. XTI did not and cannot establish protectable rights in "pure naturals" as of a time prior to UBP's first use of "pure naturals" as "pure naturals" merely describes the quality and characteristics of XTI's products, and XTI's use of "pure naturals" has not acquired secondary meaning as of a time prior to UBP's first use of "pure naturals".

47. Thus XTI's mark "pure naturals" was unprotectable at the time UBP first used "pure naturals". 15 U.S.C. § 1052(e).

48. Accordingly, UBP's use of "pure naturals" in this manner does not constitute trademark infringement and does not violate any provision of 15 U.S.C. § 1114.

**COUNT V**

**NON-VIOLATION OF 15 U.S.C. § 1125(a) DUE TO XTI'S LACK OF PROTECTABLE COMMON LAW TRADEMARK RIGHTS – DESCRIPTIVE**

49. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 hereof.

50. As its fifth ground for relief, UBP seeks a declaration of non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as to trademark infringement as XTI's "pure naturals" mark is merely descriptive of XTI's goods.

51. XTI did not and cannot establish protectable rights in "pure naturals" as of a time prior to UBP's first use of "pure naturals" as "pure naturals" merely describes the quality and characteristics of XTI's products, and XTI's use of "pure naturals" has

not acquired secondary meaning as of a time prior to UBP's first use of "pure naturals".

52. Thus XTI's mark "pure naturals" was unprotectable at the time UBP first used "pure naturals" and is not protectable under 15 U.S.C. § 1125.

53. Accordingly, UBP's use of "pure naturals" in this manner does not constitute trademark infringement and does not violate any provision of 15 U.S.C. § 1125.

**COUNT VI**

**NON-VIOLATION OF 15 U.S.C. §§ 1114(1) AND/OR 1125(a) BASED ON PLAINTIFF'S FAIR USE OF A DESCRIPTIVE DESIGNATION**

54. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 53 hereof.

55. As its sixth ground for relief, UBP seeks a declaration of non-violation of Sections 32(1) and/or 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and/or 1125(a), as to trademark infringement as UBP uses "pure naturals" fairly and in good faith only to describe its products, as provided in the fair use defense of Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).

56. Accordingly, UBP's use of "pure naturals" in this manner does not constitute trademark infringement and does not violate any provisions of 15 U.S.C. §§ 1114 and/or 1125.

**COUNT VII**

**NON-VIOLATION OF 15 U.S.C. §§ 1114(1) AND/OR 1125(a) DUE TO XTI'S LACK OF PROTECTABLE TRADEMARK RIGHTS – ABANDONMENT**

57. UBP repeats and realleges each and every allegation set forth in Paragraphs 1 through 56 hereof.

58. As its seventh ground for relief, UBP seeks a declaration of non-violation of Sections 32(1) and/or 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and/or 1125(a), as to trademark infringement as XTI abandoned its rights to "pure naturals".

59. Upon information and belief, XTI's '703 Registration is invalid and unenforceable as "pure naturals" was abandoned in connection with the goods in the '703 registration and all XTI's goods prior to UBP's use of "pure naturals". 15 U.S.C. § 1115(b)(2).

60. Upon information and belief, XTI has not used "pure naturals" in connection with all of the goods identified in the '703 registration and all XTI's goods during the last three years and XTI has no intent to resume such use.

61. Accordingly, UBP's use of "pure naturals" does not constitute trademark infringement and does not violate any provisions of 15 U.S.C. § 1114 and/or 1125.

## PRAYER FOR RELIEF

WHEREFORE, UBP prays:

(A) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), with respect to any alleged trademark rights owned by XTI as "pure naturals" was generic *ab initio.*

(B) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in

11

violation of the Lanham Act, 15 U.S.C. § 1114(1), with respect to any alleged trademark rights owned by XTI as "pure naturals" became generic prior to UBP's use of "pure naturals".

(C) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), with respect to any alleged trademark rights owned by XTI as "pure naturals" became generic prior to UBP's use of "pure naturals".

(D) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1), with respect to any alleged trademark rights owned by XTI as "pure naturals" is merely descriptive and did not acquire secondary meaning prior to UBP's use of "pure naturals".

(E) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), with respect to any alleged trademark rights owned by XTI as "pure naturals" is merely descriptive and did not acquire secondary meaning prior to UBP's use of "pure naturals".

(F) That the Court declare that UBP's use of "pure naturals" constitutes fair use as provided in the Lanham Act, 15 U.S.C. § 1115(b)(4).

(G) That the Court declare that UBP's use of "pure naturals" in connection with health and beauty products does not constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and/or 1125(a), with

respect to any alleged trademark rights owned by XTI as "pure naturals" was abandoned by XTI prior to UBP's use and adoption of "pure naturals".

(H) That, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the Court order that the Commissioner of the United States Patent and Trademark Office cancel Supplemental Registration Number 4,247,703.

(I) That the Court declares the term "pure naturals" is generic for use in the field of health and beauty products.

(J) That, because of the exceptional nature of this case, this Court award UBP its reasonable attorneys' fees, costs, and disbursements incurred as a result of this action pursuant to 15 U.S.C. § 1117.

(K) That UBP have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, UBP hereby demands and requests a trial by jury.

Respectfully submitted,

UNIVERSAL BEAUTY PRODUCTS, INC.

Dated:  February 26, 2016 By: /s/ Alice A. Kelly

Joseph V. Norvell (Reg. No. 6225747)
Joseph T. Kucala, Jr. (Reg. No. 6275312)
Alice A. Kelly (Reg. No. 6281897)
Shyla N. Jones (Reg. No. 6309356)
NORVELL IP llc
357 W. Chicago Ave., Suite 200
Chicago, IL  60654
Telephone:   (312) 315-0732
Facsimile:    (312) 268-5063
courts@norvellip.com

Attorneys for Universal Beauty Products, Inc.